OPINION
Defendant-appellant William Fleming appeals from his classification as a sexual predator and an habitual sexual offender. Fleming contends that the trial court erred by deeming itself obliged to consider the factors prescribed by R.C.2950.09(B)(2), that the sexual offender classification statute is so vague as to violate the due process clauses of the United States and Ohio constitutions, that the application of the sexual offender classification statute to him violates the ex post facto clause of the United States Constitution, that the burdens imposed upon him as a result of his classification as a sexual predator constitute cruel and unusual punishment in violation of the Ohio and United States constitutions, that these burdens constitute double jeopardy, in violation of the Ohio and U.S. constitutions, and that the imposition of these burdens violates sections 1 and 2
of Article I of the Ohio Constitution.
Although we find his other contentions to be without merit, we agree with Fleming that the trial court incorrectly deemed itself obligated to consider the factors prescribed by R.C.2950.09(B)(2). In accordance with our holding in State v. White
(November 5, 1999), Miami App. No. 98-CA-37, the judgment of the trial court is Reversed, and this cause is Remanded for reconsideration of Fleming's classification as a sexual offender.
 I
Fleming was convicted of Rape in 1985. In July, 1999, the trial court conducted a sexual offender classification hearing. At the conclusion of the hearing, the trial court found Fleming to be a sexual predator and an habitual sexual offender. From this finding, Fleming appeals.
 II
Fleming's First Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE R.C. § 2950.09(B)(2), WHICH PRESCRIBES FACTORS FOR THE TRIAL COURT TO CONSIDER IN ADJUDICATING THE QUESTIONS OF FACT WHETHER AN OFFENDER IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES, ENCROACHES UPON THE JUDICIAL POWER, IN VIOLATION OF THE SEPARATION OF POWERS IMPLICIT IN THE OHIO CONSTITUTION.
Fleming's sexual offender classification hearing was held before our decision in State v. White, supra. Accordingly, it is not surprising that the trial court deemed itself required to consider the factors prescribed in R.C.2950.09(B)(2). That the trial court did deem itself so obliged is evident from its use of the phrase "and then all of the other factors which the legislature has required the Court to consider, . . ." in summarizing its decision at the conclusion of the sexual offender classification hearing.
In State v. White, supra, we held that: "[I]t is beyond the constitutional power of the General Assembly to prescribe particular factors that a trial judge must consider when finding a fact." Accordingly, on the authority of State v. White, supra,
Fleming's First Assignment of Error is sustained.
 III
Fleming's Second, Third, Fourth and Fifth assignments of error are as follows:
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, PROVIDES NO GUIDANCE AS TO HOW THE FACTORS IN R.C. § 2950.09(B)(2) ARE TO BE CONSIDERED AND WEIGHED, RENDERING THE LAW VAGUE, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL AS APPLIED TO MR. FLEMING, WHOSE OFFENSES WERE COMMITTED PRIOR TO THE EFFECTIVE DATE OF THE AMENDMENTS. THE RETROACTIVE APPLICATION OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. WILLIAM FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE THE REGISTRATION PROVISIONS OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 9, ARTICLE 1 OF THE OHIO CONSTITUTION.
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE THE APPLICATION OF R.C. CHAPTER 2950, AS AMENDED BY H.B. 180 AND AS APPLIED TO MR. FLEMING, CONSTITUTES DOUBLE JEOPARDY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.
As the State notes, each of these constitutional attacks upon the sexual offender classification statute was rejected in State v. Cook (1998), 83 Ohio St.3d 404. Accordingly, these assignments of error are all overruled.
 IV
Finally, Fleming's Sixth Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED ERROR IN LABELING MR. FLEMING A SEXUAL PREDATOR AND A HABITUAL SEXUAL OFFENDER BECAUSE R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL IN ITS ENTIRETY IN VIOLATION OF SECTIONS 1 AND 2, ARTICLE I OF THE OHIO CONSTITUTION.
The argument that a sexual predator or habitual sexual offender classification unduly restricts the offender's personal liberty, in violation of Section 1, Article I of the Ohio Constitution was rejected by the Ohio Supreme Court inState v. Williams (2000) 88 Ohio St.3d 513. In his reliance upon Section 2, Article I of the Ohio Constitution, Fleming appears to be arguing that the sexual offender classification statute denies sex offenders equal protection of the law by creating a separate classification of citizens.
We conclude that sexual offenders are not a suspect class, requiring heightened scrutiny. We further conclude that the creation of various reporting and registration requirements for certain kinds of sexual offenders bears a rational relationship to a legitimate government objective, since these requirements facilitate notice to persons who may come in contact with the former offender in their neighborhood, in order that they and their children may be appropriately cautious in interacting socially with the former sexual offender.
Fleming's Sixth Assignment of Error is overruled.
 V
Fleming's First Assignment of Error having been sustained, and his other assignments of error having been overruled, the judgment of the trial court is Reversed, and this cause isRemanded for reconsideration of Fleming's sexual offender classification, in accordance with our holding in State v. White,supra.
GRADY, P.J., and BROGAN J., concur.